UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 05-CV-129-HRW

ALEX CRUZ PETITIONER

VS: **MEMORANDUM OPINION AND ORDER**

DAVE BARADA, ET AL. RESPONDENTS

Petitioner, Alex Cruz, who is currently confined at the Federal Correctional Institution in Ashland, Kentucky ("FCI-Ashland"), has filed a *pro se* petition for habeas corpus under 28 U.S.C. §2241. The petitioner has paid the requisite filing fee.

This matter is before the Court for initial screening 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). This is a *pro se* proceeding and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines that the action is (i) frivolous or malicious or (ii) fails to state a claim upon which relief can be granted.

CLAIMS

The petitioner claims that the respondents have misinterpreted the Bureau of Prisons ("BOP") Program Statement ("PS") 5100.07 which governs "Routine Transfers." Petitioner claims that under the BOP's "closer to home transfer" policy, he should have been awarded a transfer to

a federal prison in his home state of Michigan. He asserts that the BOP wrongly denied the request by relying on the "nearer release" policy.

Petitioner further asserts that because he has had good conduct during his entire confinement in FCI-Ashland, and because he has successfully participated in prison programs, the BOP should transfer him to a prison in Michigan. He argues that the BOP's denial of his request to be transferred to a federal correctional facility in Michigan has resulted in a violation of his due process rights guaranteed by the Fifth Amendment of the United States Constitution.

RELIEF

The petitioner seeks injunctive relief in the form of an order requiring the BOP to transfer him to a federal facility closer to his home in Michigan.

RESPONDENTS

The named respondents in this action are: (1) Dave Barada (K-A Unit Case Manager); (2) William S. Wallace (K-A Unit Manager); and (3) Joel Ziegler, Associate-Warden of FCI-Ashland.

DISCUSSION

1. Exhaustion Requirement

The petitioner attached the Response to his "Request for Administrative Remedy" (BP-9) which Associate Warden Joel Zeigler prepared on April 22, 2005. Ziegler denied the petitioner's request for an administrative remedy, noting that on October 2, 2003, and September 16, 2003, prison staff had previously denied similar requests. Ziegler noted that the "nearer release" policy and "closer to home transfer" are one in the same. He further informed the petitioner that although he (petitioner) had completed various programs at FCI-Ashland, that was not a reason which entitled the petitioner to transfer to a facility of his choice. Ziegler noted the other purposes behind inmates

participating in prison programs.

The petitioner claims that it would have been futile for him to pursue additional administrative remedies. It appears from the record that he did not undertake any further steps after Zeigler denied his BP-9 "Request for Administrative Remedy."

The multi-step administrative remedies available to inmates confined in BOP institutions are set out in 28 C.F. R. §542.10-.19 (1998).[1] The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(a), requires state and federal prisoners bringing actions concerning prison conditions, and any other incident to prison life, such as excessive force, to exhaust all available administrative remedies before suing in federal court. *See Porter v. Nussle*, 534 U.S. 122 S.Ct. 983 (2002); *Lavista v. Beeler*, 195 F,3d 254, 256 (6th Cir. 1999); *Ricks v. Peterson*, 26 Fed. Appx. 588, 2001 WL 1345089 (8th Cir. (Minn.) November 2, 2001) (Not selected for publication in Federal Reporter) (inmate was required to exhaust administrative remedies before bringing suit under *Bivens* based on inadequate conditions of confinement).

Since April 26, 1996, the PLRA, 42 U.S.C. §1997e(a), has read as follows:

> No action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

---

1

Section 542.13(a) demands that an inmate first informally present his complaint to the staff [BP-8 form], thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may file a formal written request to the Warden [BP-9]. *See* §542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal to the Regional Director [BP-10], and, if not satisfied with the Regional Director's response, the inmate may appeal that decision to the Office of General Counsel [BP-11]. *See* §542.15.

The administrative procedure includes established response times. §542.18. As soon as an appeal is accepted and filed, the Warden has 20 days to respond; the Regional Director, 30 days; and General Counsel, 40 days. Only one extension of time of 20-30 days, in writing, is permitted the agency. If the inmate does not receive a response within the allotted time, including extension, he may consider the absence of response as a denial at that level. *Id.*

Under federal law, it is insufficient for a prisoner to merely claim that grievances were not answered satisfactorily or to begin the grievance process and not finish it. For any issue the plaintiff intends to raise, he must demonstrate exhaustion, or his attempts at exhaustion, before he can be considered to have substantially complied with the law. *See Wyatt v. Leonard*, 193 F.3d 876 (6th Cir. 1999). See also a series of unpublished opinions about the impermissibility of prisoners short-circuiting the system, alleging the futility of going further, and asking the court to rule they had done enough: *McRae v. Corrections Corp. of America*, 208 F.3d 214, 2000 WL 302772 (6th Cir. March 27, 2000); *Fisher v. Wickstrom*, 230 F.3d 1358, 2000 WL 1477232 (6th Cir. Sept. 25, 2000); and *Mentecki v. Corrections Corp. of America*, 2000 WL 1648127 (6th Cir. Oct. 27, 2000).

The Court finds unavailing the petitioner's argument that he was excused, on the basis of futility, from exhausting his claims. His failure to do so would ordinarily result in dismissal without prejudice. As the Court finds, however the petition fails to state a claim upon which relief can be granted, it will dismiss with prejudice

2. BOP Transfer Claims

The petitioner states that his case manger, Respondent Barada, told him that because the petitioner was already confined within 500 miles of his home, there was nothing more that could be done. The petitioner alleges that the BOP incorrectly interpreted PS 5100.07 and therefore erroneously denied him a transfer to a federal prison "closer to his home" in Michigan. He contends that because he has completed various prison programs, and has engaged in good conduct, he should be transferred to a federal prison in Michigan.

Regardless of which policy the BOP used to justify its denial of the petitioner's transfer request, he does not have a valid due process claim under the Fifth Amendment. Well settled law

establishes that with regard to prison transfers and classification status, prisoners have no constitutional entitlement to invoke due process claims. *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Marchesani v. McCune*, 531 F.2d 459 (10th Cir.), *cert. denied*, 429 U.S. 846 (1976) (inmates have neither protected liberty interests nor property interests in custodial classification). Rather, the Attorney General of the United States has delegated those discretionary decisions to the Director of the BOP, which has a classification procedure. 18 U.S.C. §4081; 28 C.F.R. §0.96. *See e.g.*, *Peck v. Hoff*, 660 F.2d 371 (8th Cir. 1981). Congress has given federal prison officials full discretion to control the conditions of confinement.

Transfers and prison assignments are functions wholly within the discretion of the BOP. *See Olim v. Wakinekona*, 461 U.S. 238 (1983); *Meachum v. Fano*, 427 U.S. 215, 225 *reh'g denied*, 429 U.S. 873 (1976) (holding that "[n]either, in our view, does the Due Process Clause in and of itself protect a duly convicted prisoner against transfer from one institution to another within the state prison system," and noting that the fact "[t]hat life in one prison is much more disagreeable than in another does not in itself signify that a Fourteenth Amendment liberty interest is implicated when a prisoner is transferred to the institution with the more severe rules").

In sum, this petitioner does not have a liberty interest in obtaining a transfer to a facility more desirable to him, such as one in Michigan.[2] *Meachum*, 427 U.S. 215. *See also Montanye v. Haymes*, 427 U.S. 236 (1976); *Grayson v. Rison*, 945 F.2d 1064 (9th Cir. 1991); *Beard v. Livesay*, 798 F.2d

2

In *Locklear v. Holland*, 194 F.3d 1313, 1999 WL 1000835 (6th Cir. (Ky.)), Locklear's Team recommended that Locklear's custody level be lowered and that he be transferred to a prison camp close to home. Locklear's presentence investigation report ("PSI"), however, contained purportedly inaccurate information alleging that Locklear had been charged with rape. Locklear strongly disputed the PSI, which he claimed caused him to be denied placement in the prison camp, thus violating his due process rights. The Sixth Circuit rejected Locklear's claim, citing *Moody v. Daggett*, *supra* at 88, n.9, for the proposition that prisoners generally do not have a due process liberty interest in their placement and classification while incarcerated.

874 (6th Cir. 1986); *Leibowitz v. United States*, 729 F.Supp. 556 (E.D. MI 1989), *aff'd without opinion*, 914 F.2d 256 (6th Cir. 1990), *cert. denied*, 499 U.S. 963 (1991); *Olim v. Wakinekona*, *supra*. The Court will dismiss this claim under 28 U.S.C. §1915 (e)(2)(ii).

CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** that this action is **DISMISSED** *sua sponte*, and judgment shall be entered contemporaneously with this Memorandum, Opinion and Order in favor of the named respondents.

This February 3, 2006.

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF KENTUCKY

**Signed By:**
***Henry R Wilhoit Jr.***
**United States District Judge**